IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| Byron Tu'Shawn Goins, | ) | |
|---|---|---|
| | ) | Case No. 3:09-cv-0926 |
| Plaintiff, | ) | |
| | ) | Judge Campbell |
| v. | ) | Magistrate Judge Bryant |
| | ) | |
| Desiree Andrews, Jonathan Walton, and | ) | |
| Dr. Inocentes Sator, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## DENIAL OF ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Default against Defendants Desiree Andrews, Jonathan Walton and Dr. Inocentes Sator, M.D. (Docket Entry 24). The Clerk will construe this motion as request to enter default pursuant to Federal Rule of Civil Procedure (FRCP) 55(a). The grant of a default judgment is a two part process and no default judgment may be granted pursuant to FRCP 55(b) until default has been entered pursuant to FRCP 55(a). Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC 220 F.R.D. 303 (N.D. Ohio 2004).

It appears that service has been made upon the Defendants and returns of service have been filed by the United States Marshals Service (Docket Entries 18, 19 & 20). Defendants have not responded to the Complaint against them. However, the requests for entry of default must be denied. The pending requests are not supported with appropriate affidavits of military service as required by the Servicemembers Civil Relief Act of 2003 (50 App. U.S.C. 501 et seq.). The Act requires that affidavits be submitted that "state whether or not the Defendant is in military service and **showing facts necessary to support the affidavit**" (emphasis added). Information on the military status of an individual can be obtained at the Department of Defense website at https://www.dmdc.osd.mil/appj/scra/scraHome.do. That website provides an on-line search utility

(SSN required) as well as a help button link that provides information on where requests for information can be sent (no SSN required) to determine whether a particular individual is on active duty in the military. Alternatively, a sworn statement or declaration from the Defendant or someone in a position to know the military status of the individual could be accepted. Other factors, such as the age of Defendant if beyond the age for service can be considered.

Accordingly, for the reasons stated above, the Clerk declines to enter default against Defendants at this time. Plaintiff may file renewed requests for entry of default pursuant to FRCP 55(a) when affidavits of military service have been prepared.

s/ *Keith Throckmorton*
Keith Throckmorton
Clerk of Court