UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BYRON TU'SHAWN GOINS,           )
                                )
          Plaintiff,            )
                                )
          v.                    )     NO.  3:09-0926
                                )     Judge Campbell/Bryant
DESIREE ANDREWS, et al.,        )
                                )
          Defendants.           )

**TO: The Honorable Todd J. Campbell**

**REPORT AND RECOMMENDATION**

Defendants Desiree Andrews and Dr. Inocentes Sator have

filed their motion to dismiss for failure to state a claim pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket

Entry No. 37).  Plaintiff has failed to respond in opposition to

this motion.

On October 15, 2010, the undersigned Magistrate Judge

ordered plaintiff to show cause on or before November 4, 2010, why

the complaint should not be dismissed (Docket Entry No. 39).  This

order admonished plaintiff that his failure to respond may cause

the undersigned Magistrate Judge to recommend that the complaint be

dismissed.  Despite this order, plaintiff has failed to file any

response.

Defendants' motion has been referred to the undersigned

Magistrate Judge for a report and recommendation (Docket Entry No.

5).  For the reasons stated below, the undersigned Magistrate Judge

recommends that defendants' motion to dismiss be granted and that the complaint against them be dismissed.

## Standard of Review

A district court cannot grant a motion to dismiss pursuant to Rule 12(b)(6) simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion to dismiss to insure that it has merit. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."

League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990).  Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### Factual Allegations

Plaintiff Byron Goins, a prisoner confined at the Riverbend Maximum Security Institution in Nashville, Tennessee, is proceeding pro se.  Defendant Sator is identified in the complaint as the doctor at RMSI.  Defendant Andrews is identified as the Health Administrator.

Plaintiff alleges in his complaint that "Dr. Sator prescribed me medicine that gave me the bowel movement. He didn't let me know how long to stay on the medicine or see him again if I still need help." The complaint further alleges that an unnamed nurse "gave me sup. [suppository] pills for my rectum area that didn't help. Then a nurse gave me hemorrhoidal ointment which did no good." The complaint further alleges that "Dr. Sator took my blood and put them in two tubes, then said I had a fisher (sic) with no explanation."

With respect to defendant Andrews, the sole allegation against her in the complaint is that "Desiree Andrews is the Health Administrator I was told by a nurse on the unit so I wrote her a letter. She responded to a grievance but nothing was true because every nurse broke confidential that I wanted prohibit." (Docket Entry No. 1 at 5).

## Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 (Docket Entry No. 1). In essence, plaintiff attempts to allege that the medical care provided to him by defendants violates his constitutional rights. The Government has a constitutional obligation to provide medical care for the individuals it incarcerates and "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103 (1976).

4

An Eighth Amendment claim for deliberate indifference has both a subjective and an objective component. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  To satisfy the objective component the plaintiff must allege that he has a "sufficiently serious" medical need.  <u>Comstock v. McCrary</u>, 273 F.3d 693, 703 (6th Cir. 2001).  A serious medical need is one that has been diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  <u>Blackmore v. Kalamazoo County</u>, 390 F.3d 890, 897 (6th Cir. 2004).

For the subjective component, the plaintiff must show that the defendant had a sufficiently culpable state of mind, in other words, that the defendant acted with "deliberate indifference" to the plaintiff's serious medical need. <u>Farmer</u>, 511 U.S. at 834.  Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. <u>Comstock</u>, 273 F.3d at 703.  "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." <u>Comstock</u>, 273 F.3d at 703.  Therefore, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does

5

not rise to a level of a constitutional violation." Id.  See also Johnson v. Karnes, 398 F.3d 868, 875 (6th Cir. 2005).

Applying these legal standards to the factual allegations in the complaint, the undersigned Magistrate Judge finds that plaintiff has failed to state a claim of a constitutional violation against defendants Sator and Andrews upon which relief can be granted.  Specifically, the complaint affirmatively alleges that defendant Sator prescribed medicine for the plaintiff, but that defendant Sator allegedly failed to inform the plaintiff how long he should continue taking the medicine or make provisions to see the plaintiff again in followup if the medicine failed to work.  A fair reading of the allegations in the complaint demonstrates that the gravamen of plaintiff's claim is that the treatment prescribed for him by defendant Sator has failed to cure his medical problems.  Accepting all facts in the complaint in the light most favorable to the plaintiff, these allegations fail to satisfy the legal standard for a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

With respect to defendant Andrews, the complaint fails to allege that she had any direct responsibility or involvement in plaintiff's medical treatment.  Rather, plaintiff alleges that defendant Andrews is the "health administrator" and that plaintiff wrote her a letter.  The complaint alleges that defendant Andrews responded to a grievance, but otherwise the complaint fails to allege any further acts or omissions by defendant Andrews.

A defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations without a showing that defendant was personally involved in some manner in the alleged unconstitutional conduct set out in the complaint. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff must, at a minimum, allege that the defendant personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's complaint fails to allege that defendant Andrews participated in, authorized, approved, or knowingly acquiesced in any deliberate indifference to plaintiff's serious medical needs. Accordingly, the undersigned Magistrate Judge finds that the complaint fails to state a claim against defendant Andrews upon which relief can be granted.

Finally, defendants argue that this complaint should be dismissed based upon the doctrine of res judicata. Specifically, defendants assert that plaintiff Goins has filed an earlier suit against these same defendants alleging the same cause of action, and that this earlier suit has been dismissed with prejudice. Defendants maintain that they were named as defendants in an earlier case by plaintiff Goins, Docket No. 3:09-0787, and that the same claims as those raised in the current complaint also were raised in the earlier, now dismissed, action. The undersigned Magistrate Judge has compared the allegations and causes of action in the earlier case and finds that those claims lodged against

7

defendants Andrews and Sator are essentially the same as those raised in the earlier, now dismissed, case. Accordingly, the undersigned Magistrate Judge finds that the current complaint should be barred by the doctrine of res judicata. See Hanger Prosthetics and Orthodics East, Inc. v. Henson, 299 Fed. Appx. 547, 555, 2008 WL 4791321 (6th Cir. Nov. 4, 2008).[1]

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed on behalf of defendants Andrews and Sator be **GRANTED** and that the complaint be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to

---

[1]Jonathan Walton is also named as a defendant in this action and, from the record, it appears that he was served by certified mail on December 26, 2009. (Docket Entry No. 19). However, the only substantive allegation against Walton appears in a single sentence in the "relief requested" section of the complaint, as follows: "Jonathan Walton to stay from around me in Unit 3 because he pulled my arm backwards upon medical request." The undersigned Magistrate Judge finds that this allegation, even liberally construed in favor of a pro se plaintiff, fails to state a claim under § 1983 upon which relief can be granted. Moreover, the claim against defendant Walton is also subject to dismissal on res judicata grounds since defendant Walton was also named in the previously dismissed docket number 3:09-0787.

said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of November 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge